UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIELE GOERN,

    Plaintiff,

v.                                            Case No:   2:16-cv-755-FtM-99MRM

EVERGLADES DAY SAFARI, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion for Approval of Settlement (Doc. 28) filed on June 15, 2017 and the Settlement Agreement and General Release (Doc. 26) filed on June 6, 2017. The parties request that this Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims in this case. After review of the parties' submissions, the Court cannot recommend approval of the proposed Settlement Agreement as it currently stands.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54. Here, there are two issues that preclude a finding of fairness and

reasonableness: (1) the waiver and general release; and (2) the non-payment of liquidated damages. (*See* Doc. 28 at 1-3; Doc. 26 at 2, 4). Also problematic (albeit curable) is the parties' request that the Court retain jurisdiction indefinitely in this matter. (*See* Doc. 28 at 1, 3).

## I. General Release

The Settlement Agreement contains a section entitled, "Plaintiff's Waiver and General Release." (Doc. 26 at 4). The *Lynn's Food* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Moreover, even if there is a mutuality of a general release, this does not resolve the issue because the reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

The parties state in the Joint Motion that Plaintiff "has agreed to accept $4,545.70 in back wages, as a full and fair settlement of her claims." (Doc. 28 at 1). The Waiver and General Release portion of the Settlement Agreement provides as follows:

> In exchange for the consideration provided for in this Agreement, Plaintiff hereby unconditionally releases the Defendant, for any and all claims, complaints, suits, controversies, damages, liabilities, and expenses of any nature whatsoever related to her employment by the Defendant.

(Doc. 26 at 4). Thus, it is unclear whether Plaintiff received any additional consideration for entering into a waiver and general release above and beyond payment for her FLSA claims. Consequently, the Court is unable to determine whether the Settlement Agreement is fair and reasonable.

## II. Liquidated Damages

As stated above, Plaintiff agreed to accept $4,545.70 in back wages to resolve this action. (Doc. 26 at 2). Further, in the Settlement Agreement, Plaintiff agreed that this amount settles and satisfies all of her claims against Defendant, including any claim for liquidated damages. (*Id.* at 2-3). Pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title *shall* be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." (emphasis added). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).

Here, the parties failed to include any discussion as to liquidated damages. If the payment amount to Plaintiff of $4,545.70 was solely for back wages, then the parties must provide justification for the Court to waive the requirement of liquidated damages under the FLSA. *See id.*

## III. Retaining Jurisdiction

Finally, in the Joint Motion, the parties request that the Court retain jurisdiction indefinitely to enforce the terms of the parties' settlement. (Doc. 28 at 1, 3). The parties failed to provide any justification for the Court to retain jurisdiction. The Undersigned is not inclined to recommend that the Court retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See King v. Wells Fargo Home Mortg.*, No. 2:08-CV-307-FTM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (Steele, J.).

**IV.     Conclusion**

For the foregoing reasons, this Court cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed Settlement Agreement. Nor can the Court find justification to recommend retaining jurisdiction indefinitely in this case. Although the other terms of the Settlement Agreement appear fair and reasonable, the problems noted above preclude approval of the Settlement Agreement as currently proposed.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion for Approval of Settlement (Doc. 28) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than July 31, 2017**:[1]

   a. File an amended joint motion to approve a settlement agreement that adequately addresses the issues identified herein; or

   b. File a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Ft. Myers, Florida on June 21, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

4

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties