UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GABRIELE GOERN,

    Plaintiff,

v.                                        Case No:   2:16-cv-755-FtM-99MRM

EVERGLADES DAY SAFARI, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Amended Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. 31), filed on July 12, 2017, and the Settlement Agreement and General Release (Doc. 26), filed on June 8, 2017.  Plaintiff Gabriele Goern and Defendant Everglades Day Safari, Inc. request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  After consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement – with one exception – and dismiss this case with prejudice.

Previously, the parties filed a Joint Motion for Approval of Settlement (Doc. 28) on June 25, 2017.  Upon consideration of the Joint Motion, the Court recommended that it be denied for the following reasons:  (1) The parties included a general release without articulating any additional consideration other than the consideration to settle the FLSA claim; (2) the parties failed to specify any liquidated damages; and (3) the parties requested that the Court retain jurisdiction indefinitely without any justification.  (*See* Doc. 29 at 2-4).  The Report and Recommendation was adopted in an Opinion and Order (Doc. 30) entered on July 12, 2017.  The parties have now filed an Amended Joint Motion.  (*See* Doc. 31).

In the prior Report and Recommendation, the Court stated that to approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id.* at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages. *Id.* When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

Plaintiff asserts that she was employed by Defendant from May 2005 through September 2016 as a reservationist who specialized in customer support and was responsible for scheduling all reservations. (Doc. 1 at ¶¶ 6, 8). Plaintiff claims that she was not paid minimum wage and she worked overtime but was not paid any additional compensation for this work. (*Id.* at ¶ 9, 10).

2

Even though a *bona fide* dispute exists between the parties, the parties decided to settle this matter. (*See* Doc. 31 at 1-2). Plaintiff claims that she was misclassified as an independent contractor and, thus, is owed overtime and minimum wages. (*Id.*). Defendant denies that Plaintiff is subject to the FLSA. (*Id.*). The parties now agree that Plaintiff was paid more than the prevailing minimum wage throughout her employment with Defendant as established by a review of Plaintiff's time and pay records. (*Id.*). Thus, the parties agree that "Plaintiff is not entitled to any liquidated damages as the employer had a good faith belief that the act or omission was not in violation of the FLSA." (*Id.*). A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008). Based upon the parties' agreement, the Court finds that Defendant has satisfied the good faith requirement and Plaintiff is not entitled to liquidated damages in this case.

The parties further agree that Plaintiff will accept $4,545.70 in back wages and this amount constitutes a full and fair settlement of her claims. (Doc. 31 at 1). The parties state that this amount is fair and reasonable and is "without compromise" for the work Plaintiff performed. (*Id.* at 2).[1] Upon review of the Settlement Agreement and General Release, the Court determines that these terms of the Settlement Agreement are reasonable.

Defendant agrees to pay counsel for Plaintiff $3,400.00 in attorney's fees and $554.30 in costs. (*Id.* at 1). The amount of attorney's fees and costs were agreed upon separately and

---

[1] Despite the representation that the settlement is "without compromise" (Doc. 31 at 2), the parties request court approval under *Lynn's Food Stores*.

without regard to the amount paid to Plaintiff. (*Id.* at 2). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.*

In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff. The Settlement Agreement and General Release (Doc. 26) appears reasonable on its face, with the sole exception of the General Release.

In the Settlement Agreement and General Release, the parties included the following:

> In exchange for the consideration provided for in this Agreement, Plaintiff hereby unconditionally releases the Defendant, for any and all claims, complaints, suits, controversies, damages, liabilities, and expenses of any nature whatsoever related to her employment by the Defendant.

(Doc. 26 at 4). In the Amended Joint Motion, the parties have agreed as follows: "[i]n exchange for the consideration provided for in this agreement, [P]laintiff unconditionally releases the

Defendant[] from any FLSA claim." (Doc. 31 at 2). The parties have not submitted an amended version of the settlement agreement reflecting this subsequent modification to the release.

This Court has previously approved settlement agreements while striking certain unacceptable or unenforceable provisions of a settlement agreement, especially when the parties include a severability clause in the Settlement Agreement. *See Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013); *Ramnaraine v. Super Transp. of Fla., LLC*, No. 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *4 (M.D. Fla. Mar. 28, 2016), *report and recommendation adopted*, No. 6:15-cv-710-ORL-22GJK, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016). Here, the parties have included a severability clause in the FLSA Settlement Agreement. (*See* Doc. 26 at 5). The severability clause states:

> If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision; provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in paragraph 3 are illegal, void, or unenforceable, or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

(*Id.*). Based upon the severability clause, the Undersigned finds that the parties Settlement Agreement and General Release (Doc. 26) may be approved, provided that paragraph 3 entitled "Plaintiff's Waiver and General Release" is stricken and replaced by the more limited release language the parties agreed to in paragraph 6 of their Amended Joint Motion (*See* Doc. 31 at 2 ¶ 6), correcting for typographical and grammatical errors: "In exchange for the consideration

5

provided for in this agreement, Plaintiff unconditionally releases Defendant from any FLSA claim." (*See* Doc. 31 at 2).

In sum, the Undersigned recommends that the Settlement Agreement and General Release (Doc. 26) be approved by the Court – as modified herein concerning the release language– as a "fair and reasonable resolution of a *bona fide* dispute" of the FLSA issues.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Amended Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. 31) be **GRANTED**.

2) The Settlement Agreement and General Release (Doc. 26) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues, provided that the Court strikes the Plaintiff's Waiver and General Release provision in paragraph 3 (Doc. 26 at 4 ¶ 3) and replaces it with the language the parties agreed to in paragraph 6 of the Amended Joint Motion (Doc. 31 at 2 ¶ 6): "In exchange for the consideration provided for in this agreement, Plaintiff unconditionally releases Defendant from any FLSA claim."

3) That if the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on July 14, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

6

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties